**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

| | |
|---|---|
| Hon. Michael B. Kaplan | 609-989-0478 |
| United States Bankruptcy Judge | 609-989-2259 Fax |

December 28, 2010

Christina Lynn Rusch, Pro Se
33 Mine Brook Rd.
P.O. Box 214
Liberty Corner, NJ 07938

Albert Russo
Standing Chapter 13 Trustee
CN
4853
Trenton, NJ 08650

William M.E. Powers, III
Powers Kirn, LLC
P.O. Box 848
Moorestown, NJ 08057
Attorney for Creditor, Litton Loan Servicing LP

      Re:    Christina L. Rusch
            Motion for Reconsideration
            09-44799

Parties and Counsel:

      The Court has heard oral arguments and has reviewed the submissions filed in the above referenced matter. The Court issues the following ruling:

      This matter is before the Court by way of Defendant-Debtor's, Christina Lynn Rusch ("Debtor" or "Defendant") Motion to Reconsider this Court's Order Granting Creditor, Litton Loan Servicing, LP's ("Litton") Motion for Relief from the Automatic Stay with respect to real property owned by the Defendant located at 33 Mine Brook Rd., Bernards Township, New

1

Jersey. A hearing on the motion was held on November 9, 2010. The Order for which the Debtor seeks reconsideration is dated May 26, 2010.[1]

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[2]

The circumstances underlying this case were set forth in the Court's January 23, 2009 opinion, In re Rusch, 2009 WL 1025466 (Bankr. D.N.J. 2009).[3] The Court incorporates by reference the relevant facts from that decision, which in turn specifically referenced findings of fact and law by Judge Derman in her Memorandum of Decision and Order filed February 11, 2008. In order to add context to this decision, the Court explains the pertinent happenings that have occurred since entry of the Court's prior opinion. On December 15, 2009, the subject premises, 33 Mine Brook Road ("the Subject Property"), Bernards Township, New Jersey, was sold by the sheriff of Somerset County at public sale. On December 28, 2009, the Defendant filed another Chapter 13 bankruptcy petition in this Court. Pursuant to 11 U.S.C. § 108(b), this filing served to extend the time for sixty days by which the Debtor had to redeem the Subject Property. On February 25, 2010, the sixty days for redeeming the Subject Property lapsed. The

---

[1] In light of the Debtor's debilitating medical condition, this Court granted the Debtor numerous adjournment requests on her motion to allow her additional time to put before the Court evidentiary and legal support for her motion.

[2] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

[3] The January 23, 2009 opinion was entered in Defendant's first Chapter 13 bankruptcy filing. The Defendant filed on July 8, 2008 and the Case, Case No.: 08-22740(MBK), was closed on April, 24, 2009. The Court, in the January 23, 2009 opinion, granted Litton's Motion for Relief from the Automatic Stay with respect to the same subject property.

sheriff has yet to deliver a sheriff's deed to the third party bidder as a result of the instant bankruptcy proceeding. Throughout this proceeding, the Defendant has argued that the mortgage on the Subject Property should be declared null and void because it is a forgery.[4] On June 4, 2010, the Debtor's Chapter 13 case was dismissed due to the Debtor's failure to file a feasible plan, income and/or budget statement.

For the reasons set forth below, the Defendant's Motion for Reconsideration will be denied. Reconsideration is an extraordinary remedy and is only appropriate in select and narrow instances. Stivala Invs., Inc. v. Atl. Nat'l Trust LLC, 394 B.R. 778, 780 (Bankr. M.D. Pa. 2008). Federal Rule of Civil Procedure 60(b), applicable to bankruptcy cases pursuant to Fed. R. Bankr. P. 9024, provides that a request for reconsideration must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."[5] Walzer v. Muriel Siebert & Co., Inc., 2010 WL 4366197 (D.N.J. 2010) (citing North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." Daewoo Electronics America, Inc. v. T.C.L Industries Holdings Limited, 2010 WL 4624051 (D.N.J. 2010) (citing G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990)). Put differently, "a motion for reconsideration will not be used as a vehicle to reargue the motion or to present evidence which should have been raised before." In re Christie, 222 B.R. 64, 67-68 (Bankr. D.N.J. 1998).

---

[4] The Court notes that the Defendant has maintained this position in the State Court proceedings and in her first bankruptcy proceeding with this Court. The Defendant contends that there are currently seven fraudulent mortgages on the Subject Property.

[5] Fed. R. Bankr. P. 9024 provides, in full: "Rule 60 F.R.C.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330." Id.

3

The Defendant has submitted several hundred pages of allegedly new evidence in support of her Motion for Reconsideration.  Specifically, at the November 9, 2010 hearing, Defendant submitted 32 marked exhibits to the Court, many of which contained a number of appendixes, and two additional binders containing over 150 exhibits.  On December 7, 2010, Defendant submitted a 37 page brief supplementing her oral argument and exhibits.  Defendant's submissions include, but are not limited to the following: Defendant's prior submissions to and orders entered by Judge Harriet Derman, Presiding Judge of the Chancery Division, Somerset County (Ret.), Judge Allison Acurso, Presiding Judge of the Chancery Division, Somerset County, and this Court; medical and psychiatric reports evidencing the Defendant's health ailments; copies of the comparisons between the allegedly forged signatures on the Defendant's mortgage papers and the Defendant's authentic signature; title insurance documents; Defendant's checking account statements; news articles related to the current foreclosure crisis in this country; and, various SEC, Moody's, and Consumer-rating reports on Litton, C-Bass, MERs, and other lending entities, such as Goldman Sachs.[6]

After reviewing the submissions, the Court finds that none of the above three grounds for reconsideration have been sufficiently satisfied so as to warrant reconsideration.  The Court finds that Defendant's submissions rest on unsubstantiated allegations.  Defendant's pleadings and exhibits contain severe leaps in logic.  The Defendant would like this Court to infer that the existence of a global problem in the issuance and regulation of mortgages suggests her particular mortgage was the result of fraudulent action on the part of the lender.  The Defendant points to case law and articles implicating other lending entities but is unable to connect said fraudulent conduct to the case at hand.  Instead, the Defendant has essentially provided the Court with a

---

[6] The Court notes that Defendant's exhibits have not been made available on the docket because the majority of the exhibits contain information about the Defendant that should not be accessible to the public.

chronological summary of, and supporting documents related to, what has occurred in her state and federal proceedings over the past four years in the hope that this Court views the issue differently. However, as noted, a motion for reconsideration cannot be used as a vehicle to rehash previously-entertained arguments and evidence.

The Court is cognizant of Defendant's *pro se* status and has, accordingly, granted Defendant a certain degree of leniency. Courts are encouraged to be more lenient when a litigant proceeds *pro se*. Huertas v. U.S. Dept. of Education, 2010 WL 2771767 (D.N.J. 2010). See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007) (holding that *pro se* documents are to be liberally construed). In that regard, the Court is mindful of and sympathetic to Ms. Rusch's physical ailments and has granted Defendant several hearing adjournments and extensions to file pleadings to accommodate Ms. Rusch's condition. All the while, Defendant continues to live in her home without having made a mortgage payment in over four years.[7] There is a point in litigation when the equities shift. See Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (recognizing that "[t]he leniency granted to *pro* se [litigants] . . . is not boundless."). The Subject Property was sold at public sale one year ago in which time the Creditor has essentially been left handcuffed. It is not in the interest of fairness or justice to delay stay relief any longer.

Moreover, the Court previously explained in In re Rusch, 2009 WL 1025466 (Bankr. D.N.J. 2009), that the Court is barred, pursuant to the "Rooker-Feldman Doctrine," from sitting in direct review of state court decisions. Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970). The Rooker-Feldman doctrine precludes "lower federal court jurisdiction over claims that were actually litigated or those 'inextricably intertwined' with adjudication by the state court." Parkview Assoc. Partnership v. City of

---

[7] Defendant admits that she has not made a mortgage payment since November 10, 2006. See Record, Exh. 1 (Defendant's Certification to Judge Harriet Derman, January 28, 2008).

5

Lebanon, 225 F.3d 321, 325 (3d Cir. 2000). "[A] federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Rooker-Feldman, '[w]here federal relief can only be predicated upon a conviction that the state court was wrong.'" Id. (quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir.1989)).

The Rooker-Feldman doctrine applies when the following four requirements are fulfilled: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the same judgments." Great Western Mining & Mineral Co. v. Fox Fothschild, L.L.P., 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed. 2d 454 (2005)).[8] Moreover, the Courts in this Circuit have consistently found Rooker-Feldman to be applicable and a bar to plaintiff's relief in a federal district court in the context of state foreclosure actions. See Kushner v. Wachovia Bank, N.A., 2010 WL 5094551 (D.N.J. 2010) (finding that a federal district court "cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in a State Foreclosure Action."); Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149,152-53 (3d Cir. 2008) (affirming judgment dismissing claim concerning state foreclosure action as barred by the Rooker-Feldman doctrine because plaintiff sought redress from a state court judgment).

Here, Defendant's Motion for Reconsideration stems directly from the State Court's entry of a foreclosure judgment against the Defendant. As noted above, for example, Defendant has presented allegations of fraud and other foreclosure wrongs to the State Court. In fact, Judge Derman's Memorandum of Decision and Order explicitly addressed the Defendant's fraud and

---

[8] See Buchel v. Option One Mortgage Corp., 2010 WL 4878741, *3 (D.N.J. 2010); Easley v. New Century Mortgage Corp., 2010 WL 3622511 (3rd Cir. 2010).

forgery allegations and found the evidence presented unpersuasive. Accordingly, this Court maintains its position that it will not, and cannot, review the State Court findings and decisions as they relate to the validity of the note and mortgage executed by the Debtor, the amount of the indebtedness and alleged default, and the right of Litton to foreclose. In re Rusch, at 2009 WL *3.

The Court rules that Defendant, Ms. Rusch, has not met the high burden of establishing adequate grounds for reconsideration. Accordingly, the Court denies the Defendant's Motion for Reconsideration. The Court will enter an appropriate order.

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge